U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION
CIVIL ACTION NO. 6:17-CV-133-KKC

WILLIAM ANDERSON                                          PLAINTIFF

v.

KNOX COUNTY, Knox County
Sheriff's Department Officers
in their Individual Capacity,
JOHN PICKARD, DERRICK EUBANKS,
Kentucky State Police Officers
in their Individual Capacity,
JASON YORK, BRYAN JOHNSON,
MARK MEFFORD, JACKIE JOSEPH and
TYSON LAWSON.                                             DEFENDANTS

---

**DEFENDANT JACKIE JOSEPH'S ANSWER**

---

COMES NOW, Kentucky State Police ("KSP") Defendant Jackie Joseph ("Joseph"), by and through counsel, and for his Answer to Plaintiff's Complaint, hereby states as follows:

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim against Joseph upon which relief can be granted and should therefore be dismissed with prejudice.

**SECOND DEFENSE**

In response to the specific allegations of the Plaintiff's Complaint, Joseph, pleads as follows:

1.      Joseph admits the allegations contained in paragraphs 15, 91, 136, and 158 of the Complaint to the extent that these allegations do not contain conclusions or interpretations of law.

2. Joseph lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs: 7, 8, 9, 10, 11, 12, 13, 14, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 92, 93, 96, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 112, 113, 114, 115, 116, 117, 118, 119, 135, 150, 151, 152, 153, 163, 170, 171, 172, 189, 196, 200, 201, 207, 208, 209, 210, 211, 212, 213, 218, 227, 228, and 229 of the Plaintiff's Complaint and therefore said allegations are denied.

3. Joseph denies the allegations contained in the following paragraphs of the Complaint: 1, 2, 3, 4, 5, 6, 94, 95, 97, 98, 99, 110, 111, 120, 121, 122, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 154, 155, 156, 157, 159, 160, 161, 162, 164, 165, 166, 167, 168, 169, 190, 191, 192, 193, 194, 195, 197, 198, 199, 202, 203, 204, 205, 206, 214, 215, 216, 217, 219, 220, and 221.

4. In regard to paragraph 123, Joseph admits "Defendants Joseph, York, and Eubanks conducted a second interview of Mr. Fox on December 3, 2011," but is without sufficient knowledge or information to form a belief about the truth of the allegations that it "lasted hours," and therefore said allegations are denied. Joseph denies the remaining allegations contained in paragraph 123 of the Complaint.

5. Plaintiff's Fourteenth Amendment fabrication of false evidence claim was dismissed pursuant to the Court's October 3, 2018 Opinion and Order (DN 57). As such, to the extent paragraph's 173, 174, 175, 176, and 177 of the Complaint relate to Plaintiff's Fourteenth Amendment fabrication of false evidence claim, those paragraphs are now moot and no response is required.

6.      Joseph lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 173 to the extent paragraph 173 of the Complaint relates to Plaintiff's Fourth Amendment fabrication of false evidence claim.

7.      Joseph denies the allegations contained in paragraphs 174, 176 and 177 to the extent paragraphs 174, 176, and 177 of the Complaint relates to Plaintiff's Fourth Amendment fabrication of false evidence claim.

8.      Joseph admits the allegations contained in paragraph 175 to the extent these allegations do not contain conclusions or interpretations of law and to the extent paragraph 175 relates to Plaintiff's Fourth Amendment fabrication of false evidence claim.

9.      Plaintiff's Fourteenth Amendment substantive due process claim was dismissed pursuant to the Court's October 3, 2018 Opinion and Order (DN 57). As such, paragraph's 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, and 188 of the Complaint are now moot and no response is required.

10.      Plaintiff's state law claim for intentional infliction of emotional distress claims was dismissed pursuant to the Court's October 3, 2018 Opinion and Order (DN 57). As such, paragraph's 222, 223, 224, 225, and 226 of the Complaint are now moot and no response is required.

11.      Joseph denies each and every remaining allegation of the Complaint not specifically admitted herein.

### THIRD DEFENSE

Joseph hereby incorporates by reference, as if specifically set forth herein, any and all affirmative defenses generally recognized as applicable to an action of this type asserted in the Complaint. Such defenses included, but are not limited to, any and all affirmative defenses set

forth in any existing Federal or State law, rule, regulation or statute, to any claim or cause of action asserted by the Plaintiff herein.

## FOURTH DEFENSE

Part and/or all of Plaintiff's claims may be barred by sovereign and/or governmental immunity, by statute, such as but not solely limited to KRS Chapter 65, and/or the immunity set forth under the Eleventh Amendment to the United States Constitution.

## FIFTH DEFENSE

That this action is barred by the qualified, official and/or good faith immunity of Joseph.

## SIXTH DEFENSE

That this action is barred by the absolute immunity of the Joseph.

## SEVENTH DEFENSE

The damages claimed by the Plaintiff are the result of Plaintiff's own negligence and/or unlawful and/or wrongful act and/or omission, and are the result of the negligence and/or are the result of the negligence and/or unlawful and/or wrongful act and/or omission of another third-party, or the result of a preexisting condition or superseding/intervening event, and his damages, if any, and injuries, if any, and any judgment rendered in favor of the Plaintiff should be reduced in accordance with the law of comparative negligence.

## EIGHTH DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

## NINTH DEFENSE

At the time of and on the occasion complained in the Complaint, Plaintiff may have been negligent, which negligence was a substantial factor in causing his/her injuries, if any there are, and said negligence constitutes a bar either in whole or in part to the Plaintiff's Complaint.

**TENTH DEFENSE**

The damages about which the Plaintiff complain, if any there were, may have been caused or brought about or may have been the proximate result of conduct on the part of other persons not parties to this lawsuit, all without negligence or fault on the part of Joseph.

**ELEVENTH DEFENSE**

At all times relevant hereto, Joseph acted reasonably, properly, in good faith, in accordance with law, without wrongful intent or malice, with proper justification and in the exercise of reasonable professional judgment, including but not necessarily limited to Joseph's actions with respect to her employment, duties and/or responsibilities as a sworn law enforcement officer of Kentucky State Police, or otherwise with respect to the Plaintiff herein.

**TWELTH DEFENSE**

That the Plaintiff has caused and also may have failed to mitigate any and all of his alleged damages and/or aggravated the same by his own actions or inactions, which bars in whole or in part their claim for damages.

**THIRTEENTH DEFENSE**

The injuries and damages complained of by Plaintiff, if any, may have been caused by the acts of Unknown Defendants and/or Unknown Third Persons over which Joseph had no control, which acts to serve as a bar, either in whole or in part, to the claims of the Plaintiff.

**FOURTEENTH DEFENSE**

That Joseph pleas rely upon, adopt and incorporate by reference each and every defense and provision, express and implicit, set forth within the Kentucky Civil Rights Act, KRS 344 *et. seq.*, 42 U.S.C. Section 1983, *et. seq*, the Fourth and Fourteenth Amendment, as if set forth fully herein. Joseph relies upon same as a complete and/or partial bar to the Plaintiff's recovery.

## FIFTEENTH DEFENSE

As further affirmative defenses, Joseph relies upon the doctrines of estoppel, waiver, good faith, lack of malice, Public Duty Doctrine and laches and any affirmative defense listed in Fed. Rule Civil Proc. 8(c)(1)(2).

## SIXTEENTH DEFENSE

Joseph may not be held responsible for actions taken by others or caused by the Plaintiff or others in whole or in part and from whom contribution, indemnity and/or comparative fault may be due.

## SEVENTEENTH DEFENSE

Joseph at all times relevant was acting properly under color of state law and were acting within the scope of his official duties and employment with the Kentucky State Police, and not within his individual capacity.

## EIGHTEENTH DEFENSE

Joseph acted in conformity with all applicable statutes, regulations, ordinances, common law, and in conformity with the Constitution of the United States and the Commonwealth of Kentucky.

## NINETEENTH DEFENSE

That the Plaintiff has failed to satisfy prerequisites of the claims asserted herein and is hereby barred from any recovery as a result thereof.

## TWENTIETH DEFENSE

As a further affirmative defense, Joseph states that vicarious liability and/or respondent superior liability is not actionable against governmental officers or entities and any such claim should therefore be dismissed.

### TWENTY-FIRST DEFENSE

At all times mentioned in the Complaint, Joseph acted with probable cause and exercised a reasonable belief as to the necessity of their actions and were justified in taking their actions which acts as a complete bar to Plaintiff's Complaint.

### TWENTY-SECOND DEFENSE

Joseph may not be held responsible for actions taken by others or caused by the Plaintiffs or others in whole or in part and from whom contribution, indemnity and/or comparative fault may be due.

### TWENTY-THIRD DEFENSE

The claims of the Plaintiff for punitive damages should be dismissed because an award of punitive damages under Kentucky law, which is not subject to a pre-determined limit on the amount of punitive damages that a jury may impose, would violate Kentucky's due process rights guaranteed by the Constitution of the Commonwealth of Kentucky and violate the excessive fines provision of Section 17 of the Constitution of the Commonwealth of Kentucky.

### TWENTY-FOURTH DEFENSE

The claim of the Plaintiff for punitive damages against Joseph should be dismissed because a jury, under Kentucky law:

1.  Is not provided standards of sufficient clarity for determining the appropriateness and the appropriate size of any punitive damages award;

2.  Is not adequately instructed on the limits of punitive damages imposed by the applicable principals of deterrence and punishment;

3.  Is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of  invidious

discriminatory characteristics including the residence and wealth of Joseph;

4.      Is permitted to award punitive damages under a standard for determining liability for punitive damages as vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; and

5.      Is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of an objective standard.

For the foregoing reasons such an award would violate the due process and equal protection rights guaranteed under the Fourteenth Amendment to the United States Constitution and the Constitution of the Commonwealth of the State of Kentucky.

### TWENTY-FIFTH DEFENSE

The Plaintiff's claim for punitive damages against Joseph should be dismissed as being in violation of the United States Constitution, including but not limited to the Fifth and Eighth Amendments, as applied to the States through the Fourteenth Amendment of the United States Constitution.

### TWENTY-SIXTH DEFENSE

The Plaintiff's Complaint for punitive damages against Joseph should be dismissed as being in violation of the Constitution of the Commonwealth of Kentucky, including but not limited to Articles 2, 17 and 26.

### TWENTY-SEVENTH DEFENSE

Joseph states that the claim of the Plaintiff for punitive damages against Joseph under the law of Kentucky is not permitted without proof of each and every element beyond a reasonable doubt, and as such violates Joseph's due process rights under the Fourteenth Amendment of the

United States Constitution and the due process provisions of the Constitution of the Commonwealth of Kentucky.

## TWENTY-EIGHTH DEFENSE

Joseph states that the claim of the Plaintiff for punitive damages should be dismissed because any award of punitive damages under the law of the Commonwealth of Kentucky without the same protections that are accorded to all criminal defendants, including but not limited to, protection against unreasonable searches and seizures, double jeopardy, self-incrimination, the right to confront adverse witnesses, speedy trial and the effective assistance of counsel, would violate Joseph's rights under the Fourteenth Amendment to the United States Constitution and the Fourth, Fifth and Sixth Amendments as incorporated into the Fourteenth Amendment in Sections 2, 3, 7, 10, 11, 12, 13, 14, 17, and 26 of the Constitution of the Commonwealth of Kentucky.

## TWENTY-NINTH DEFENSE

The claim of the Plaintiff for punitive damages against Joseph should be dismissed because any award of punitive damages under Kentucky law without bifurcating the trial and trying all punitive damage issues separately, if and only if liability on the merits has been found, would violate Kentucky's due process rights guaranteed by the Fourteenth Amendment of the United States Constitution and the due process provisions of the Constitution of the Commonwealth of Kentucky.

## THIRTIETH DEFENSE

Joseph reserves the right to raise any other affirmative defense that may become known in the course of discovery.

**WHEREFORE**, Joseph prays for dismissal of Plaintiff's Complaint and the claims stated therein, with prejudice and at Plaintiff's cost; and for any and all other relief to which Joseph may be entitled, including, but not limited to, reasonable attorney fees, costs and trial by jury.

Respectfully Submitted,

/s/   Cody Weber_____
Cody Weber
Shawna Virgin Kincer
Aaron Ann Cole
Kentucky State Police
919 Versailles Road
Frankfort, Kentucky 40601
Telephone: (502) 782-4261
Fax: (502) 573-1636
cody.weber@ky.gov
Shawna.Kincer@ky.gov
Aaronann.cole@ky.gov
*Counsel for Defendant Jackie Joseph*

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will serve all counsel of record via the CM/ECF system.

/s/   Cody Weber
*Counsel for Defendant Jackie Joseph*